PALMER, LOMBARDI & DONOHUE LLP
E. SCOTT PALMER, SBN 155376
spalmer@pldlawyers.com
BRETT D. WATSON, SBN 203183
bwatson@pldlawyers.com
ALISON R. KALINSKI, SBN 266705
akalinski@ pldlawyers.com
515 South Flower Street, Suite 2100
Los Angeles, California 90071
Phone:  (213) 688-0430
Fax:  (213) 688-0440

Attorneys for Defendant AMERICAN EXPRESS COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Rieger, <br><br> Plaintiff, <br><br> vs. <br><br> American Express Company, <br><br> Defendant. | Case No.  [3:11-cv-04202-MEJ] <br><br> The Honorable Maria-Elena James <br><br> **AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **[FED. R. CIV. PROC. 12(b)(6)]** <br><br> **Date:  November 3, 2011** <br> **Time: 10:00 a.m.** <br> **Dept.: Courtroom B, 15th Floor** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 3, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard before Judge Maria-Elena James at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant American Express Company will, and hereby does, move to dismiss Plaintiff Scott Rieger's ("Plaintiff") Complaint.

This motion is made pursuant to RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE because the Complaint and each and every claim directed at Defendant American Express Company fails to state a claim upon which relief can be granted. Plaintiff has failed to allege facts to fulfill each element to state a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and papers on file in this action, and on such further oral and documentary evidence as may be presented at the hearing of this motion.

PALMER, LOMBARDI & DONOHUE LLP

DATED: September 22, 2011      By:   /s/ Brett D. Watson
                                     _____
                                     Brett D. Watson
                                     Alison R. Kalinski
                                     Attorneys for Defendant AMERICAN
                                     EXPRESS COMPANY
                                     E-mail: bwatson@pldlawyers.com

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION TO DISMISS COMPLAINT

## I.   INTRODUCTION

Plaintiff Scott Rieger's ("Plaintiff") Complaint fails to state any cause of action against Defendant American Express ("AMEX"). Plaintiff's Complaint only asserts one claim for a violation of the Fair Credit Reporting Act, which is divided into two separate causes of action.

## II.   ALLEGATIONS SET FORTH IN THE COMPLAINT

AMEX recites the allegations of the Complaint as required on a motion to dismiss without admitting the truth of any such allegations. Plaintiff alleges that in June 2011, after examining his Experian consumer credit report, he discovered that AMEX pulled his credit report. Compl. ¶6-7.

Plaintiff alleges that on the following dates, AMEX "initiated a pull of Plaintiff's credit report from Experian without permissible purpose": September 23, 2009, October 26, 2009, November 19, 2009, and December 14, 2009, January 22, 2010, February 22, 2010, March 25, 2010, April 30, 2010, May 21, 2010, and June 23, 2010. Compl. ¶¶8-17. Plaintiff further alleges these acts constitute violations of the Fair Credit Report Act. Compl. ¶¶21, 25.

## III.   PLAINTIFF'S FAIR CREDIT REPORTING ACT CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT STATED A CAUSE OF ACTION

### A.   Legal Standard for a Motion to Dismiss

A motion to dismiss pursuant to FEDERAL RULES OF CIVIL PROCEDURE ("FRCP"), RULE 12(b)(6) tests the sufficiency of the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint that lumps together seemingly unrelated defendants fails to give them fair notice of the claims against them under FRCP, RULE 8. *In re Sagent Technology, Inc., Derivative Litigation,* 278 F. Supp. 2d 1079, 1094-1095 (N.D. Cal. 2003); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988). A complaint must allege enough facts to state a claim against a particular defendant that is plausible, not merely conceivable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those allegations cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994);

- 3 -

AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Cholla Readimix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004); *see also Twombly*, 550 U.S. at 555, 570. A plaintiff must allege more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (May 18, 2009). "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).

### B. PLAINTIFF HAS FAILED TO STATE A CLAIM FOR VIOLATION OF FCRA

The only claim asserted in the Complaint is for violation of the Fair Credit Reporting Act ("FCRA"), even though it is divided into two separate causes of action. Compl. ¶¶18-25. The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b).

Under the FCRA, "furnishers" of credit are only liable as set forth in 15 U.S.C. §1681s-2. Under 15 U.S.C. §1681s-2, a furnisher of credit is only potentially liable for violating "the duty to provide accurate information [§1681s-2(a)] and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency [§1681s-2(b)]." *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004) (quoting *Carney v. Experian Info. Solutions, Inc.,* 57 F. Supp. 2d 496, 501 (W. D. Tenn. 1999)). Here, Plaintiff admits that AMEX "is a furnisher of information within the meaning of the FCRA." Compl. ¶¶20, 24.

A private cause of action under §1681s-2(b), however, is only triggered when a furnisher of information receives a notice of a consumer dispute from a credit reporting agency. *See Peasley v. Verizon Wireless (VAW) LLC,* 364 F. Supp. 2d 1198, 1200 (S.D.Cal. 2005) ("Courts have consistently held that for the duty imposed by §1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."); *Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1179-80 (E.D. Cal. 2005) (recognizing "that a private right of action against a furnisher of credit information exists only if the disputatious consumer notifies the CRAs in the first instance"). "A furnisher is liable under the

- 4 -

AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1  FCRA only if it does not respond to a formal notice of consumer dispute from a consumer
2  reporting agency." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023-25 (N.D. Cal.
3  2006) (dismissing cause of action for violation of FCRA for failure to state a claim); *see also* 15
4  U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d
5  1057, 1060 (9th Cir. 2002) (holding that Congress set up 15 U.S.C. § 1681s-2(b) as a "filtering
6  mechanism" wherein a disputatious consumer notifies a consumer reporting agency which in turns
7  notifies the furnisher, and only a nonresponsive furnisher may be privately sued).

8       When a furnisher receives such a notice, it must conduct an investigation, review
9  information from the credit reporting agency, report the results of the investigation to the credit
10 reporting agency, and, if the investigation uncovers that information was incorrectly furnished,
11 report the inaccuracies to all consumer reporting agencies possessing the incorrect information.
12 *See id.*; 15 U.S.C. §1681s-2(b). In essence, the notice of consumer dispute requirement and
13 investigation requirements are "administrative remedies" that must be exhausted and are
14 prerequisites to alleging a proper FCRA claim. Here, Plaintiff fails to allege that any of the
15 "administrative remedies" required by §1681s-2(b) have been fulfilled. Plaintiff has not alleged
16 that AMEX received any consumer notice of dispute. Thus, Plaintiff's claim is subject to
17 dismissal because he has failed to allege the perquisites to bring a claim under §1681s-2(b). *See*
18 *Peasley,* 364 F. Supp. 2d at 1200 (dismissing action because "[t]he first amended complaint does
19 not allege that [Defendant] was ever notified by a credit reporting agency . . . . Thus, the complaint
20 fails to state a claim for violation of §1681s-2(b) upon which relief can be granted.");
21 *Abouelhassan v. Chase Bank,* No. C 07-03951 JF (PVT), 2007 WL 3010421, at *3 (N.D. Cal. Oct.
22 12, 2007) (The Court dismissed FCRA claim because "Plaintiff has not met the pleading
23 requirements for a § 1681s-2(a)(1)(B) claim against a furnisher. Specifically, Plaintiff does not
24 allege that: (1) he notified the CRA of any inaccuracies; (2) the CRA determined they were viable;
25 and (3) Chase was contacted by the CRA.").

26      Finally, Plaintiff's barebones allegations fail to support any other theory of liability under
27 FCRA. Plaintiff does not provide any factual allegations to support his legal conclusion of a
28 FCRA violation. Plaintiff merely alleges AMEX obtained Plaintiff's credit report "without a

- 5 -

AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

permissible purpose." Compl. ¶¶21, 25. Nowhere in the Complaint does Plaintiff allege what the improper purpose was, if he is or was a cardmember of AMEX, or any relationship with AMEX. AMEX is not required to guess as to which provision of law Plaintiff believes was violated, or what conduct Plaintiff contends amounts to a violation. *See Levine v. Citibank*, No. 07-2032 WQH, 2008 WL 220282 at *3 (S.D. Cal. Jan. 24. 2008) (dismissing FCRA claim because plaintiffs "do not cite any provision of the FCRA which Defendant allegedly violated, and also do not allege any conduct by Defendant which allegedly violated the FCRA"). Moreover, while Plaintiff asserts a claim under 15 U.S.C. §1681b(f), this provision only applies to consumer reporting agencies, not furnishers of credit information. Plaintiff has admitted AMEX is a furnisher of information, not a credit reporting agency. Thus, no claim has been stated.

## IV.   CONCLUSION

For all the reasons set forth above, AMEX respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint.

PALMER, LOMBARDI & DONOHUE LLP

DATED: September 22, 2011         By:    /s/ Brett D. Watson

Brett D. Watson
Alison R. Kalinski
Attorneys for Defendant AMERICAN EXPRESS COMPANY
E-mail: bwatson@pldlawyers.com

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT, STATE OF CALIFORNIA, NORTHERN DISTRICT:

I, Laura L. Largent, am employed in the State of California; I am over the age of 18 years and not a party to the within action; my business address is 515 South Flower Street, Suite 2100, Los Angeles, California 90071.

On September 22, 2011, I served the foregoing **AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on Interested Parties in this action as follows:

Scott Rieger
2697 Parkside Drive
Fremont, CA 94536

Plaintiff In Pro Per

[X]  **(BY U.S. MAIL)**  I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am readily familiar with Palmer Lombardi & Donohue's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

[X]  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 22, 2011.

_____
Laura L. Largent