PALMER, LOMBARDI & DONOHUE LLP
E. SCOTT PALMER, SBN 155376
spalmer@pldlawyers.com
BRETT D. WATSON, SBN 203183
bwatson@pldlawyers.com
ALISON R. KALINSKI, SBN 266705
akalinski@ pldlawyers.com
515 South Flower Street, Suite 2100
Los Angeles, California 90071
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant AMERICAN EXPRESS COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott Rieger,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>American Express Company,<br><br>　　　　Defendant. | Case No. [3:11-cv-04202-MEJ]<br><br>The Honorable Maria-Elena James<br><br>**AMERICAN EXPRESS COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**[FED. R. CIV. PROC. 12(b)(6)]**<br><br>**Date: November 3, 2011**<br>**Time: 10:00 a.m.**<br>**Dept.: Courtroom B, 15th Floor** |

Defendant AMERICAN EXPRESS COMPANY ("AMEX") respectfully submits the following Reply Brief in support of its Motion to Dismiss:

## I. INTRODUCTION

Plaintiff's Scott Rieger's ("Plaintiff") Opposition to AMEX's Motion to Dismiss fails to dispute the demonstrated inadequacies of Plaintiff's Complaint and only serves to further support AMEX's request to have Plaintiff's Complaint dismissed, in its entirety, and without leave to amend. Plaintiff's Complaint conclusory alleges his credit report was pulled for an improper purpose, but fails to allege the improper purpose. Plaintiff does not even allege if he is or was a cardmember of AMEX, or any relationship with AMEX. In addition and as set forth below, Plaintiff's Complaint fails to state any cause of action under the Fair Credit Reporting Act. For all of these reasons, AMEX's motion to dismiss is not frivolous and the motion should be granted.

## II. PLAINTIFF'S FAIR CREDIT REPORTING ACT CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS NOT STATED A CAUSE OF ACTION

Plaintiff admits that AMEX "is a furnisher of information within the meaning of the Fair Credit Reporting Act ("FCRA") Compl. ¶¶20, 24. "A furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023-25 (N.D. Cal. 2006)k; *see also* 15 U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). Plaintiff, however, has not alleged that any of the "administrative remedies" required by §1681s-2(b) have been fulfilled. Plaintiff has not alleged that AMEX received any consumer notice of dispute. Thus, Plaintiff's claim is subject to dismissal because he has failed to allege the perquisites to bring a claim under §1681s-2(b). *See Peasley,* 364 F. Supp. 2d at 1200; *Abouelhassan v. Chase Bank,* No. C 07-03951 JF (PVT), 2007 WL 3010421, at *3 (N.D. Cal. Oct. 12, 2007).

In addition, Plaintiff fails to provide any factual allegations to support his legal conclusion of a FCRA violation. Plaintiff merely alleges AMEX obtained Plaintiff's credit report "without a permissible purpose." Compl. ¶¶21, 25. Nowhere in the Complaint does Plaintiff allege what the improper purpose was, if he is or was a cardmember of AMEX, or any relationship with AMEX. AMEX is not required to guess as to which provision of law Plaintiff believes was violated, or

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

what conduct Plaintiff contends amounts to a violation. *See Levine v. Citibank*, No. 07-2032 WQH, 2008 WL 220282 at *3 (S.D. Cal. Jan. 24. 2008). Thus, no claim has been stated.

### III. CONCLUSION

For all the reasons set forth above and in its opening memorandum, AMEX respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint.

PALMER, LOMBARDI & DONOHUE LLP

DATED: October 12, 2011    By:    /s/ Alison R. Kalinski

Brett D. Watson
Alison R. Kalinski
Attorneys for Defendant AMERICAN EXPRESS COMPANY

PALMER, LOMBARDI & DONOHUE LLP
515 South Flower Street, Suite 2100
Los Angeles, California 90071

- 3 -
AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# **PROOF OF SERVICE**

UNITED STATES DISTRICT COURT, STATE OF CALIFORNIA, NORTHERN DISTRICT:

    I, Kathleen S. Gates, am employed in the State of California; I am over the age of 18 years and not a party to the within action; my business address is 515 South Flower Street, Suite 2100, Los Angeles, California 90071.

    On October 12, 2011, I served the foregoing **AMERICAN EXPRESS COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on Interested Parties in this action as follows:

Scott Rieger
2697 Parkside Drive
Fremont, CA 94536

Plaintiff In Pro Per

**[X]**     **(BY U.S. MAIL)** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

I am readily familiar with Palmer Lombardi & Donohue's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

**[X]**     **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on October 12, 2011, at Los Angeles, California.

                              /s/ Kathleen S. Gates
                              Kathleen S. Gates