UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| SCOTT RIEGER, | No. C 11-4202 MEJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| AMERICAN EXPRESS COMPANY, | (Docket No. 4) |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Scott Rieger ("Plaintiff") brings this action against Defendant American Express Company ("Defendant"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Currently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 4. Because the Court finds this matter suitable for resolution based on the parties' written submissions, the Court **VACATES** the hearing set for November 3, 2011. *See* Civil L.R. 7-1(b). After careful consideration of the parties' arguments, the Court **GRANTS** Defendant's motion for the reasons set forth below.

## II. BACKGROUND

The following factual background is taken from Plaintiff's Complaint. Dkt. No. 1. Plaintiff alleges that in June 2011, after examining his Experian consumer credit report, he discovered that Defendant pulled his credit report. *Id.* ¶¶ 6-7. Specifically, Plaintiff alleges that on the following dates, Defendant "initiated a pull of Plaintiff's credit report from Experian without permissible purpose": September 23, 2009; October 26, 2009; November 19, 2009; December 14, 2009; January 22, 2010; February 22, 2010; March 25, 2010; April 30, 2010; May 21, 2010; and June 23, 2010. *Id.* ¶¶ 8-17. Plaintiff further alleges these acts constitute violations of the FCRA. *Id.* ¶¶ 21, 25.

On September 22, 2011, Defendant filed the present Motion to Dismiss. Dkt. No. 4. In its

motion, Defendant argues that Plaintiff fails to allege any improper purpose under the FCRA and it is not required to guess as to which provision of law Plaintiff believes was violated, or what conduct Plaintiff contends amounts to a violation. *Id.* at 6. Defendant further argues that while Plaintiff asserts a claim under 15 U.S.C. § 1681b(f), this provision only applies to consumer reporting agencies, not furnishers of credit information. *Id.* As Plaintiff admits that Defendant is a furnisher of information within the meaning of the FCRA, (Compl. ¶¶ 20, 24), Defendant argues that no claim can be brought against it under § 1681b(f).

Plaintiff filed his Opposition to Defendant's Motion on October 5, 2011. Dkt. No. 9. In his Opposition, Plaintiff states that "It is difficult to comprehend the basis for [Defendant's] motion, which appears to have been filed in bad faith." *Id.* at 1. Plaintiff argues that the allegations in his Complaint are "crystal clear": "[Defendant] initiated 10 pulls of Plaintiff's credit report from Experian without permissible purpose," and this "is inherently a clear-cut violation of the [FCRA]." *Id.* at 2. Plaintiff maintains that the Court "should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed." *Id.*

### III. LEGAL STANDARD

A motion to dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations and parentheticals omitted). In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory

2

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555. The court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1096 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## IV. DISCUSSION

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b). "There are essentially three types of actors which interplay in suits under the FCRA, namely 1) consumer reporting agencies, 2) users of consumer reports, and 3) the furnishers of information to consumer reporting agencies." *Vazquez–Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150, 153-54 (D.P.R. 2002). Here, Plaintiff admits that Defendant "is a furnisher of information within the meaning of the FCRA." Compl. ¶¶ 20, 24.

Under the FCRA, "furnishers" of credit are only liable as set forth in 15 U.S.C. § 1681s-2. Under § 1681s-2, a furnisher of credit is liable for violating "the duty to provide accurate information, [§ 1681s-2(a),] and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency [§ 1681s-2(b)]." *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004) (quoting *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 501 (W. D. Tenn. 1999)). Pursuant to 15 U.S.C. §§ 1681s–2(c)(1) and 1681s–2(d), enforcement of violations

3

of § 1681s–2(a) is limited exclusively to designated state and federal officials. Consequently, courts have consistently held that there is no private action for violations of § 1681s–2(a). *See, e.g., Gibbs*, 336 F. Supp. 2d at 11; *Aklagi v. NationsCredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002); *Carney*, 57 F. Supp. 2d at 502.

A private cause of action is available under § 1681s-2(b). *Gibbs*, 336 F. Supp. 2d at 11. However, such an action is only triggered when a furnisher of information receives a notice of a consumer dispute from a credit reporting agency. *Peasley v. Verizon Wireless (VAW) LLC*, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) ("Courts have consistently held that for the duty imposed by § 1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1179-80 (E.D. Cal. 2005) (recognizing "that a private right of action against a furnisher of credit information exists only if the disputatious consumer notifies the CRAs in the first instance"). "A furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency." *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023-25 (N.D. Cal. 2006) (dismissing cause of action for violation of FCRA for failure to state a claim); *see also* 15 U.S.C. § 1681s-2; 15 U.S.C. § 1681i(a)(2); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) (holding that Congress set up 15 U.S.C. § 1681s-2(b) as a "filtering mechanism" wherein a disputatious consumer notifies a consumer reporting agency which in turns notifies the furnisher, and only a nonresponsive furnisher may be privately sued).

When a furnisher receives such a notice, it must conduct an investigation, review information from the credit reporting agency, report the results of the investigation to the credit reporting agency, and, if the investigation uncovers that information was incorrectly furnished, report the inaccuracies to all consumer reporting agencies possessing the incorrect information. *Nelson*, 282 F.3d at 1060; 15 U.S.C. §1681s-2(b).

Here, Plaintiff fails to allege that Defendant received any notice of his dispute from a credit reporting agency, which is necessary to trigger a private cause of action under § 1681s-2(b). Thus,

4

Plaintiff's claim is subject to dismissal because he has failed to allege the perquisites to bring a claim under §1681s-2(b). *See Peasley*, 364 F. Supp. 2d at 1200 (dismissing action because "[t]he first amended complaint does not allege that [Defendant] was ever notified by a credit reporting agency . . . . Thus, the complaint fails to state a claim for violation of §1681s-2(b) upon which relief can be granted."); *Abouelhassan v. Chase Bank*, 2007 WL 3010421, at *3 (N.D. Cal. Oct. 12, 2007) (FCRA claim dismissed because "Plaintiff has not met the pleading requirements for a § 1681s-2(a)(1)(B) claim against a furnisher. Specifically, Plaintiff does not allege that: (1) he notified the CRA of any inaccuracies; (2) the CRA determined they were viable; and (3) Chase was contacted by the CRA.").

## V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss. However, the Court finds that the deficiencies in Plaintiff's Complaint could possibly be cured by the allegation of other facts. Accordingly, dismissal is with leave to amend. Within 30 days from the date of this Order, Plaintiff may file an amended complaint if he is able to allege the following under 15 U.S.C. § 1681s-2(b): (1) he contacted a credit reporting agency; (2) the agency, in turn, submitted a formal notice of consumer dispute to Defendant; and (3) Defendant failed to respond to the notice. As Plaintiff could have provided this information in support of his Opposition, he should be mindful that bare allegations will not be accepted. Ideally, Plaintiff should attach documentation of the consumer dispute from the credit reporting agency. If documentation is not available, he must at least provide factual allegations to support his claim, such as when he submitted his claim and to which credit reporting agency. If Plaintiff fails to file an amended complaint in compliance with this Order, this case shall be deemed dismissed with prejudice and the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: October 25, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT RIEGER

    Plaintiff,

 v.

AMERICAN EXPRESS

    Defendant.

Case Number: 11-04202 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott Rieger
2697 Parkside Drive
Fremont, CA 94536

Dated: October 25, 2011

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk

6